HAMILTON, ADMINISTRATRIX, ET AL. v. FOWLER.

ESTATES OF DECEDENTS—MORTGAGES.

Where an administratrix pursuant to an order of the court negotiated
    a loan for the benefit of the estate, executing therefor her note and
    a deed of trust of real estate belonging to the estate, and upon de-
    fault in the payment of interest the holder of the note foreclosed
    the deed of trust according to its terms and bid in the property for
    less than the amount of the note, and afterwards in consideration
    of a quitclaim deed from the heirs transferred the note to one of
    the heirs, such heir was not entitled to an allowance against the
    estate for the balance due on the note.

*Appeal from the County Court of Arapahoe County.*

Mr. G. W. TAYLOR and Mr. S. A. OSBORN, for appellants.

No appearance for appellee.

THOMSON, J.

This proceeding was instituted in the county court of Arap-
ahoe county to set aside an allowance against the estate of
Robert J. Hamilton, deceased, of which Hannah Hamilton
was administratrix, of $6,190.95 in favor of Jessie T. Hamil-
ton, one of the heirs, by W. F. Fowler, a creditor of the es-
tate, whose claim had been duly allowed. The order in the
premises being unsatisfactory to Fowler, he appealed the case
to the district court, where the allowance, in favor of Jessie
T. Hamilton, was ordered to be set aside. Upon the return
of the record to the county court, judgment was entered in
conformity with the order of the district court. Jessie T.
Hamilton and the administratrix have brought the case here
by appeal.

The following is the history of Jessie T. Hamilton's claim:
The administratrix, pursuant to an order of the county court,
negotiated a loan of $15,000 from Brown Brothers, of Den-

ver, for the benefit of the estate, executing her note, as administratrix, for the amount, to Brown Brothers, and securing its payment by a trust deed of real property belonging to the estate.  An installment of interest being unpaid, Brown Brothers proceeded to a foreclosure of their trust deed, pursuant to its terms, and at the sale, the property was struck off to them, as the highest bidders, for $12,000.  They then, in consideration of a quitclaim deed to them from the heirs of the intestate, transferred the note to Jessie T. Hamilton. Thereupon she procured an allowance in her favor for the unpaid balance, amounting to $6,190.95.

We think the judgment should be affirmed.  If Brown Brothers acquired a perfect title through their foreclosure,— and there is no evidence that they did not,—the quitclaim deed from the heirs was of no value or importance; there was no consideration for the transfer of the note; and Jessie T. Hamilton, one of the heirs, cannot be allowed, upon pretense of a claim so obtained, to absorb the assets of the estate to the injury of creditors.  But if the title acquired through the foreclosure was not perfect, whatever had not passed to Brown Brothers was still subject to the payment of the debts of the estate, of which the balance due on the note was one; and until those debts should be paid, the rights of the heirs in the title, whatever such rights may have amounted to, were in abeyance.  Debts had been allowed against the estate which were unpaid, and for the purpose of their payment, a sale of the remaining title, if there was any, could have been compelled.  But instead of proceeding in the county court for an order of sale, Brown Brothers took a quitclaim deed from the heirs, and turned the note over to Jessie T. Hamilton. As, on the supposition there was a title which would pass by the quitclaim deed, that title was property to which the estate was primarily entitled for the purpose of discharging its debts; and nothing was conveyed to which the heirs had any present right.  The consideration of the transfer of the unpaid balance, was property which the estate and its creditors had the right to cause to be subjected to the payment

of debts.    Jessie T. Hamilton took that balance for the bene-
fit of the estate ;  the execution and delivery of the quitclaim
deed satisfied the note ;  the effect of the transaction was the
payment of the note ; and the estate was entitled to its can-
cellation.    It could not be converted into a claim against the
estate.    Jessie T. Hamilton had no shadow of a right to the
allowance which she procured, and it was most justly set
aside.

Some other questions were originally involved in the liti-
gation, but they seem to have been abandoned.

Let the judgment be affirmed.

*Affirmed.*